# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

  v.                Case No. 10-CR-156

**KURTIS EDWARD ARMANN,**
    **Defendant.**

# ORDER

Kurtis Edward Armann ("Armann") is currently in the custody of the Bureau of Prisons in the Federal Correctional Institution in Forth Worth, Texas. On August 24, 2010, the grand jury in this district returned a three count indictment against Armann. (Docket No. 1.) Thereafter, an attorney from this district's Federal Defender Services filed notice that he would be representing Armann. (Docket No. 2.) Armann subsequently filed motions to proceed pro se and to appear at the arraignment by way of videoconference. (Docket Nos. 4, 6, 7.) Accordingly, counsel also filed a motion to withdraw. Chief Judge Charles N. Clevert, Jr. conducted a telephonic hearing on the motions regarding representation wherein he declined to resolve them, noting they were premature since the defendant has not been arraigned. (Docket No. 9.) Judge Clevert further indicated that the manner of conducting the arraignment was a matter for the magistrate judge. Following this telephonic hearing, Armann filed a motion asking this court to waive the requirement that he personally appear at his arraignment. (Docket No. 10.) For the reasons set forth below, the court shall deny Armann's motion.

Although Rule 10 permits a defendant to waive his appearance at his arraignment, Fed. R. Crim. P. 10(b), this Rule permits such a waiver only if the defendant is represented by counsel. The

Rule does not permit a defendant who wishes to proceed pro se to waive his appearance. Moreover, as subsection (b)(3) and the Notes of Advisory Committee on 2002 amendments make clear, the court is not required to accept a defendant's waiver of his right to appear at an arraignment. The Advisory Committee stated:

> If the trial court has reason to believe that in a particular case the defendant should not be permitted to waive the right, the court may reject the waiver and require that the defendant actually appear in court. That might be particularly appropriate when the court wishes to discuss substantive or procedural matters in conjunction with the arraignment and the court believes that the defendant's presence is important in resolving those matters.

The defendant's desire to waive his right to counsel and proceed pro se is a matter that, in the view of this court, requires the defendant to physically appear before the court so as to enable the court to adequately assess the defendant and the knowingness and voluntariness of any waiver of his right to counsel. As the Seventh Circuit has made clear, the extent of a formal hearing into the defendant's decision to represent himself is an important factor in considering whether a defendant appropriately waived his right to counsel. United States v. Egwaoje, 335 F.3d 579, 585 (7th Cir. 2003). The other factors set forth by the court, "(2) whether there is other evidence in the record that establishes that the defendant understood the disadvantages of self-representation, (3) the background and experience of the defendant, and (4) the context of the defendant's decision to proceed *pro se*," id., are also all best elucidated through an in-person hearing.

As for the option of utilizing videoconferencing technology to conduct an arraignment in this matter, as is authorized under Fed. R. Crim. P. 10(c), the court similarly rejects this option. Rule 10(c) merely authorizes a court to utilize this technology if it finds it appropriate and the defendant agrees; the Rule does not establish a right of a defendant to proceed by way of videoconference if he so desires. It has not been the practice in this district to utilize videoconference technology to conduct arraignments. As far as this court is aware, no court in this district has ever conducted an arraignment by way of a videoconference. Thus, this district lacks the

"clearly articulated standards and procedures" that the Advisory Committee recommended courts establish before deciding to utilize videoconference technology for conducting arraignments.

Permitting the defendant to appear at his arraignment by way of videoconference or to waive his right to appear at his arraignment would have significant consequences under the Speedy Trial Act. The Act requires that in this case, subject to excludable time, a defendant must be tried within 70 days of "the date the defendant has appeared before a judicial officer of the court in which such charge is pending." 18 U.S.C. § 3161(c)(1). Thus, if the defendant were to appear at his arraignment by way of videoconference, this would trigger the 70-day Speedy Trial Act clock. The time it takes to transport a defendant from one district to another is excluded under the Act, but any period in excess of 10 days shall be presumed to be unreasonable. 18 U.S.C. § 3161(h)(1)(F). Thus, in light of the fact that Armann states he was told that it would take approximately 8 weeks in order to effect his transfer from Texas to this district, if Armann were to be arraigned via videoconference while still in Texas, nearly all of the 70-day clock could run before Armann even appears in this district.

Although Armann makes reference to the Speedy Trial Act in his motion, (Docket No. 10 at 5), whereby he begins, "IF the defendant were to elect to invoke his right to speed trial . . .," (emphasis in original), it is important to note that the Speedy Trial Act does not establish a right that a defendant may choose to invoke or waive. The strictures of the Act apply regardless of whether the defendant explicitly demands a speedy trial and apply even if the defendant seeks to explicitly waive the requirements of the Act. <u>Zedner v. United States</u>, 547 U.S. 489, 503 (2006). The right to a speedy trial is not only a right of the defendant but also one of the public, <u>see</u> 18 U.S.C. § 3161(h)(7)(A), and therefore, it is incumbent upon the court to ensure that a trial occurs within the time allotted in the Act.

Finally, the defendant's representations that he would be best able to prepare his defense in this case if he was allowed to stay in Texas, (Docket No. 10 at 3-4), are obviously a concern for this

court. However, the court finds that when scrutinized, Armann's concerns are not well-founded. In light of the amount of time it apparently takes the Bureau of Prisons and the United States Marshals Service to transfer an inmate between Texas and Wisconsin, the court considers it extremely unlikely that once Armann is transferred to this district, he would be returned to Texas prior to the completion of this present case. This means that unless Armann requests to proceed pursuant to Rule 20 and the government was to agree, Armann's physical appearance in this district is unavoidable.

It makes the most sense to see to it that Armann appears in this district as soon as possible. The court also has no reason to believe that Armann's presence in Texas somehow better enables him to prepare his defense. Pre-trial detention facilities in this district are able to provide Armann with legal resources sufficient to enable Armann to prepare his defense. The defendant is incarcerated and therefore, irrespective of where he is incarcerated, he acknowledges that he will be required to contact witnesses through the mail. Thus, Armann has not persuaded the court that whether he is incarcerated in Wisconsin or Texas will materially affect his ability to prepare a defense.

**IT IS THEREFORE ORDERED** that Armann's "Motion to Conduct Arraignment by Video or Teleconference," (Docket No. 7), and "Motion to Reconsider Defendant's Waiver of Personal Appearance for Arraignment," (Docket No. 10), are **denied**. Upon the defendant's arrival in this district, the government shall promptly notify the court that an arraignment should be scheduled. At the arraignment, the court shall consider the defendant's request to waive his right to counsel and represent himself.

Dated at Milwaukee, Wisconsin this 22nd day of September, 2010.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge